[No. 20598.  Department Two.  June 27, 1927.]

SCHACHT CONSTRUCTION COMPANY, *Appellant*, v. J. L. SMITH, *Respondent*.[1]

[1] APPEAL (417)—REVIEW—FINDINGS WHEN REVERSED.  Where, in a complicated case, findings upon a small item of $137.50 are against the preponderance of the evidence, probably through a mere inadvertence of the trial court, they will be reversed on appeal.

[2] COSTS (65)—ON APPEAL—DENIAL AS TO BOTH PARTIES.  An error of the trial court in a complicated case, in allowing an item of $137.50 which was insignificant as compared with other matters in controversy, not called to the attention of the trial court, will not entitle appellant to costs on modifying the judgment on appeal.

Appeal from a judgment of the superior court for King county, Findley, J., entered January 17, 1927, upon findings in favor of the defendant, in an action on contract, tried to the court.  Modified and affirmed.

*George F. Hannan* (*Arthur M. Harris,* of counsel), for appellant.

*Hastings & Rubens, Shorts & Denney,* and *C. R. Hovey,* for respondents.

TOLMAN, J.—The plaintiff by this action sought recoveries upon nine distinct causes of action, in amounts aggregating nearly $30,000.  Answering, the defendant denied any liability, and sought recovery upon two causes of action pleaded by way of counterclaim and set-off.  The trial court found for the plaintiff upon a number of its causes of action, in amounts aggregating $1,302.46, and found for the defendant on his counterclaim in the sum of $1,710.95.  Upon these findings, a judgment in favor of the defendant for the net

¹Reported in 257 Pac. 395.

difference of $408.49 was entered, from which the plaintiff has appealed.

The case presents a mass of conflicting facts and figures very difficult of assimilation, even by the trial court who received the exhibits along with the testimony, and almost beyond hope for those who must read the testimony in cold type and sort out, segregate and fit in, from the great mass of exhibits, the particular one to which the witness refers in each particular instance. The findings of the trial court indicate that he studied the evidence with great care and intelligence, and as nothing is involved save questions of fact (only in one instance is there a semblance of a question of law raised and that, in the last analysis, becomes a question of fact which was decided by the trial court adversely to the appellant), there seems nothing to be accomplished by an extended discussion.

After devoting to the voluminous record far more time than the amounts involved, in most instances, justify, we are thoroughly convinced that, save in one particular to be later noticed, the facts shown are such as must lead to affirmance under our familiar rule that findings will be disturbed only when we can say that the evidence preponderates against them.

[1]  The single cause of action which we find it necessary to discuss is the fifth, which was based upon an oral contract between the parties by the terms of which respondent agreed to haul and deliver certain dirt to a certain point for $1.25 per load, ninety loads being so delivered, respondent thereby earning $112.50, but that he deducted and retained from moneys otherwise due to the appellant $250, and hence still owes appellant upon that account $137.50. The evidence to sustain this cause of action was that of one interested witness only, but it was clear, distinct and positive as to every essential detail. The evidence against this claim

was also by one equally interested witness, but was so hazy, indistinct and incomplete as to amount to no defense at all. We find nothing in the record indicating that appellant's witness had been impeached in any way or that the trial court, although rejecting his conclusions in some other matters, had cause to doubt his testimony in this respect.

We conclude that, in considering the mass of evidence, mostly relating to far more important items, the court, inadvertently but naturally, overlooked the true situation as to this item. The judgment must, therefore, be modified by deducting therefrom the sum of $137.50, and it is so ordered. The judgment, as modified, will stand affirmed.

[2] In view of the insignificance of the item allowed as compared with the other items in controversy, and since the record does not show that this item was particularly called to the attention of the trial court by the motion for a new trial, neither party will recover costs in this court.

MACKINTOSH, C. J., HOLCOMB, PARKER, and FRENCH, JJ., concur.